**George Dunbar PREWITT, Jr.,
Plaintiff-Appellant,**

v.

**UNITED STATES POSTAL SERVICE,
Defendant-Appellee.**

**No. 81–4205
Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.*
Unit A

Nov. 5, 1981.

George Dunbar Prewitt, Jr., pro se.

Glen H. Davidson, U. S. Atty., John R. Hailman, Asst. U. S. Atty., Oxford, Miss., for defendant-appellee.

Before RUBIN, RANDALL, and TATE, Circuit Judges.

TATE, Circuit Judge:

This is a companion case to *Prewitt v. United States Postal Service*, No. 80–3525, 662 F.2d 292 (5th Cir. 1981) (*Prewitt I*), which we also decided today. Undaunted by his unsuccessful experiences with the postal service in *Prewitt I*, in 1980 the plaintiff, George Dunbar Prewitt, Jr., submitted a new application for employment to the Greenville, Mississippi post office. This time, he applied for a position as a substitute rural carrier. As was the case in

* Former Fifth Circuit case, Section 9(1) of Public Law 96–452—October 14, 1980.

*Prewitt I* when Prewitt applied for a position as a clerk/carrier, the postal service found Prewitt medically unsuitable for employment as a substitute rural carrier. Prewitt then filed this second suit (*Prewitt II*), in which he complains that, by denying him employment as a substitute rural carrier, the postal service once again discriminated against him because of his handicap, in violation of the Rehabilitation Act of 1973, as amended, 29 U.S.C. § 701 *et seq.*[1]

In *Prewitt II*, the district court held an evidentiary hearing on Prewitt's motion for a preliminary injunction. At the close of the hearing, the district court found that it was empowered to make only a limited review of the postal service's decision not to hire Prewitt for the substitute rural carrier position. Because in the court's opinion the service had not acted contrary to law, acted arbitrarily or capriciously, made decisions unsupported by substantial evidence, or abused its discretion, the court denied Prewitt's motion for a preliminary injunction. Furthermore, "because of the uncontradicted state of the evidence furnishing substantial evidentiary support for the final determination of the Postal Service," the court dismissed Prewitt's complaint with prejudice.[2]

Prewitt appealed the decision of the district court. At the oral argument for *Prewitt I*, we ordered consolidation of the two cases. Subsequently, we were informed of new developments that have a bearing on *Prewitt II*. These new developments require us to vacate the district court's order dismissing Prewitt's suit, and to remand *Prewitt II* to the district court with instructions to stay judicial proceedings until further administrative review of the decision not to hire Prewitt is completed.

Since its reorganization in 1971, the postal service has been responsible for its own hiring decisions. Since October 1, 1971, the U. S. Civil Service Commission [CSC], and its successor, the Office of Personnel Management [OPM], have neither managed nor had authority over the selection methods and procedures for postal employment.

Accordingly, until recently, the postal service has deemed 5 U.S.C. § 3318(b) to be inapplicable to it. This provision states:

(b)(1) If an appointing authority proposes to pass over a preference eligible [veteran] on a certificate in order to select an individual who is not a preference eligible, such authority shall file written reasons with the Office [of Personnel Management] for passing over the preference eligible. The Office shall make the reasons presented by the appointing authority part of the record of the preference eligible and may require the submission of more detailed information from the appointing authority in support of the passing over of the preference eligible. The Office shall determine the sufficiency or insufficiency of the reasons submitted by the appointing authority, taking into account any response received from the preference eligible under paragraph (2) of this subsection. When the Office has completed its review of the proposed passover, it shall send its findings to the appointing authority and to the preference eligible. The appointing authority shall comply with the findings of the Office.

(2) In the case of a preference eligible described in section 2108(3)(C) of this title who has a compensable service-connected disability of 30 percent or more, the appointing authority shall at the same time it notifies the Office under paragraph (1) of this subsection, notify the preference eligible of the proposed passover, of the reasons therefor, and of his right to respond to such reasons to the Office within

1. Prewitt also raised constitutional claims, and he claimed that racial discrimination partially motivated the postal service's refusal to hire him.

2. Of course, in finding that Prewitt was only entitled to limited review of the postal service's decision, the district court did not have the benefit of our decision in *Prewitt I*, in which we explained that, once a handicapped applicant for federal employment exhausts his administrative remedies, he is entitled to de novo review of the administrative decision.

15 days of the date of such notification. The Office shall, before completing its review under paragraph (1) of this subsection, require a demonstration by the appointing authority that the passover notification was timely sent to the preference eligible's last known address.

For the first several years after 1971 the CSC, and later the OPM, had apparently at least informally agreed with the postal service's interpretation. However, by an opinion of its general counsel dated September 18, 1980, OPM advised the postal service that, in OPM's view, § 3318(b) is indeed applicable to the postal service. After discussions between representatives of the two entities, the postal service acquiesced in OPM's interpretation. On September 20, 1981, the postal service issued internal regulations establishing a procedure for OPM review of adverse determinations concerning preference eligible veterans.

On August 24, 1981, shortly before the postal service issued its new regulations, Prewitt moved in the district court for relief from the judgment entered in *Prewitt II*. Prewitt noted the postal service's failure to comply with 5 U.S.C. § 3318(b) in his case. The district court denied this motion on September 16, but on the following day the court vacated this decision and directed the postal service to respond to the motion.

On September 22, the postal service responded. The service stated that, pursuant to its newly-promulgated regulations, it would forward Prewitt's file to OPM for review of Prewitt's suitability to serve as a substitute rural carrier. The postal service added, however, that it would not ask OPM to review the decision that gave rise to *Prewitt I, i. e.*, the determination that Prewitt was unsuitable for the clerk/carrier position.

Prewitt then moved, in both the district court and this court, for a stay of further administrative proceedings. He also asked this court to certify both *Prewitt I* and *Prewitt II* as class actions, and to rescind nationwide all actions taken by the postal service in violation of 5 U.S.C. § 3318(b). Finally, Prewitt asked this court to recuse

both Northern District of Mississippi district court judges from hearing this case, and to appoint a member of this court to hear the case.

On September 28, 1981, the district court filed an "indicative order." The court noted that, because an appeal of the judgment was pending in this court, the district court was without jurisdiction to grant Prewitt's motion for relief from judgment. However, so that Prewitt could apply to this court for a remand, the court expressed its opinion "that its prior judgment of dismissal should be set aside and appropriate relief ordered to assure plaintiff a job position as substitute mail carrier in case the Office of Personnel Management should determine he is medically suitable for such position."

On October 9, 1981, the postal service filed a supplemental response with the district court. The postal service stated that Prewitt had requested that his file *not* be sent to OPM for review. Due to Prewitt's objections, the postal service declared that the OPM review would be "held in abeyance pending further guidance from appellant or a Court, and further that, to preserve the *status quo* in this case, a position at the Greenville, Mississippi Post Office [would be] held open for appellant Prewitt pending the outcome of all administrative and court proceedings" with regard to Prewitt's application for employment.

In light of these new developments, the policy of judicial deference to administrative processes is appropriate in this instance. Prewitt should therefore seek resolution of his complaint in the OPM proceedings before pursuing a trial on the merits in the district court. If the OPM renders a decision unfavorable to him, Prewitt may seek further administrative review through the postal service's EEO office before he returns to the district court. *See Counts v. United States Postal Service*, 631 F.2d 46, 48 (5th Cir. 1980). Of course, if Prewitt remains dissatisfied after exhausting his administrative remedies, he is entitled to a trial de novo in the district court. *See, Prewitt I*, 662 F.2d at 292; *Chandler v. Rondebush*, 425 U.S. 840, 863–64, 96 S.Ct. 1949, 1960–61, 48 L.Ed.2d 416 (1976).

Nevertheless, relying on this court's decision in *Camenisch v. University of Texas,* 616 F.2d 127, 134–35 (5th Cir. 1980), *vacated on other grounds,* 451 U.S. 390, 101 S.Ct. 1830, 68 L.Ed.2d 175 (1981), Prewitt contends that he is not required to exhaust his administrative remedies. In *Camenisch,* this court broadly held that "a plaintiff is under no obligation to pursue administrative remedies" when bringing an action under section 504 of the Rehabilitation Act, 29 U.S.C. § 794. However, *Camenisch* involved a claim against a federal grantee, not a federal agency. We find that *Camenisch* must be limited to actions against federal grantees.

In *Prewitt I,* 662 F.2d at 292, we held that a person claiming federal employer handicap-discrimination must exhaust administrative remedies before filing suit. We held that the private right of action under sections 504 and section 501, 29 U.S.C. § 791, of the Rehabilitation Act, requires a disappointed handicapped federal job seeker to comply with the requirements of section 717(c) of the Civil Rights Act, as explicitly provided for section 501 actions in section 505 of the Rehabilitation Act, 29 U.S.C. § 794a(a)(1).

In view of the foregoing, the judgment of the district court dismissing Prewitt's complaint must be vacated. However, the district court's denial of Prewitt's motion for a preliminary injunction was proper and must be affirmed. If Prewitt ultimately prevails in this case, he will be adequately compensated with an award of back pay, so he will suffer no irreparable injury while his suit is pending.

At this time, Prewitt is entitled to no further relief from this court. His class action and recusal motions are more properly addressed to the district court.

Accordingly, the district court's order denying the motion for a preliminary injunction is AFFIRMED. The order dismissing the complaint with prejudice is VACATED. The case is REMANDED to the continuing jurisdiction of the district while the plaintiff exhausts his administrative remedies.

AFFIRMED IN PART, VACATED IN PART, AND REMANDED.