Kenneth M. PETERSON

v.

DEPARTMENT OF the NAVY.

Civ. No. 86–110–D.

United States District Court, D. New Hampshire.

June 10, 1988.

Bradley M. Lown, Portsmouth, N.H., for plaintiff.

Mary Goetten, Dept. of Justice, Washington, D.C., Richard V. Wiebusch, U.S. Atty., Concord, N.H., for defendant.

## ORDER

DEVINE, Chief Judge.

Plaintiff Kenneth M. Peterson was denied a security clearance for his job at the Portsmouth Naval Shipyard ("Shipyard") and was consequently fired. In this action plaintiff appeals the final order of the Merit System Protection Board ("MSPB" or "Board"),[1] in which the Board held that it did not have the authority to review the merits of security clearance determinations, effectively upholding plaintiff's dismissal. See September 25, 1985, Order of MSPB. The matter is currently before the Court on defendant Department of the Navy's motion for judgment on the pleadings. See Rule 12(c), Fed.R.Civ.P. Defendant asserts that the Court is without jurisdiction to review the merits of the denial of plaintiff's security clearance based on the recent United States Supreme Court decision of *Department of Navy v. Egan*, — U.S. —, 108 S.Ct. 818, 98 L.Ed.2d 918 (1988).

Plaintiff began his employment as a laborer at the Shipyard on August 31, 1981, and became a permanent employee on January 31, 1982. On or about February 9, 1983, plaintiff received the Navy's notice of intent to deny his security clearance, and by letter dated April 7, 1983, the Director of the Naval Civilian Personnel Council made a final decision to deny the security clearance. The basis of the denial was plaintiff's convictions for minor motor vehicle violations and for driving while intoxicated, his admitted occasional use of marijuana and hashish, and his alcohol abuse. See February 14, 1984, Initial Decision of MSPB at 3–4. Because all positions at the Shipyard were considered "sensitive", the Navy stated plaintiff could not be reassigned to another position, and he was con-

sequently discharged effective September 23, 1983. Plaintiff appealed his dismissal to MSPB pursuant to 5 U.S.C. §§ 7513(d) and 7701(a).

In an initial decision, MSPB ruled that the agency had not established a specific connection between plaintiff's alcohol and drug use and the Navy's ability to safeguard the materials to which a security clearance would give plaintiff access; accordingly, MSPB reversed the decision to discharge plaintiff. An agency appeal of the MSPB Initial Decision resulted in the final decision which plaintiff now challenges in this court. Relying on *Egan v. Department of the Navy*, 28 M.S.P.R. 509 (1985), MSPB reversed the initial decision on the ground that the Board is without authority to review the merits of security clearance determinations. Subsequent to the filing of the instant case, judicial review of the *Egan* decision was completed when the United States Supreme Court issued its decision in that case. Navy argues that the Supreme Court's decision mandates dismissal of the instant action.

In *Egan*, the plaintiff lost his laborer's job at a Navy facility when he was denied a required security clearance. The opinion addressed the narrow question of whether MSPB has authority to review the substance of the Navy's underlying decision to deny or revoke a security clearance in the course of reviewing an adverse action. Emphasizing the national security interests involved, the Supreme Court ruled that such decisions are not reviewable by MSPB. The Court stated that "the protection of classified information must be committed to the broad discretion of the agency responsible, and this must include broad discretion to determine who may have access to it." *Id.* 108 S.Ct. at 825. The Court also stated that the Administrative Procedure Act ("APA"), 5 U.S.C. § 701, *et seq.*, does not confer the broad authority on MSPB to review security clearance determinations, because denial of a security

---

1. Plaintiff properly brought his appeal in the United States Court of Appeals for the Federal Circuit. *See* 5 U.S.C.A. § 7703(c) (West Supp.

clearance is not an "adverse action"[2] and by its own force is not subject to Board review. *Id.*

The instant case is factually "on all fours" with *Egan.* Mr. Egan was denied a security clearance based on his convictions for assault and gun possession and his admitted drinking problem. Without the security clearance, he was not eligible for the job for which he was hired, and reassignment to a nonsensitive position was not possible at the facility. Accordingly, the Navy discharged him.

Despite the instant case's factual similarity to *Egan,* plaintiff argues that *Egan* is not controlling because he has alleged in his complaint that the denial of his security clearance was based on his handicapping condition of drug and alcohol abuse and thus was unlawfully discriminatory. Plaintiff asserts that he is entitled to a de novo trial of his discrimination claim under 5 U.S.C. § 7703(c), which provides in relevant part that in cases alleging discrimination the employee "shall have the right to have the facts subject to trial de novo by the reviewing court." *See also Hayes v. United States Gov't Printing Office,* 684 F.2d 137, 139 (D.C.Cir.1982).

The Court finds that, notwithstanding the discrimination claim, this action is controlled by *Egan.* Plaintiff claims he was denied a security clearance because of his alleged handicap. A trial de novo of this claim would require the Court to undertake a substantive review of the validity of the agency's reasons for denying the clearance. This type of review was expressly forbidden by *Egan. Egan, supra,* 108 S.Ct. at 825. If the statutory constraints imposed by *Egan* could be bypassed simply by alleging illegal discrimination, *Egan* would be vitiated. *Cf. Hill v. Department of Air Force,* 844 F.2d 1407, 1411 (10th Cir.1988) (authority of *Egan* may not be bypassed by invoking alleged constitutional rights).

Although the Court may not review the reasons for the denial of the security clear-ance, it may nevertheless determine "whether ... cause [for the removal] existed, whether in fact clearance was denied, and whether transfer to a nonsensitive position was feasible." *Egan, supra,* 108 S.Ct. at 825–26. Plaintiff asserts that before the agency action can stand, this Court must establish that no nonsensitive positions existed at the Shipyard and that all employees there had security clearances. Plaintiff's Objection to Defendant's Motion at 5–6.

A motion for judgment on the pleadings will be granted if the movant establishes that no material issue of fact awaits resolution and the movant is entitled to judgment as a matter of law. *Alken v. Lerner,* 485 F.Supp. 871 (D.N.J.1980). In this case, the initial MSPB decision states that plaintiff did not challenge "the agency's showing that on May 17, 1983, the Shipyard designated all positions as 'sensitive'" and thus subject to security clearance. MSPB Initial Decision at 4. Plaintiff did not challenge this finding in his final MSPB appeal and did not allege that nonsensitive positions were available in his pleadings in this case. Thus, the Court finds that there is no issue of material fact regarding this question.

Plaintiff also argues that there are genuine issues of fact regarding two additional issues raised in his complaint. First, plaintiff claims he was not advised of his appeal rights under 5 C.F.R. § 731.401 (1988). However, plaintiff's exhibits demonstrate that he appealed his security clearance denial to MSPB and that no adverse action was taken against him for failure to follow proper procedures. Second, plaintiff claims he was denied rights under unspecified Office of Personnel Management Regulations, but alleges no supporting facts. In considering a motion for judgment on the pleadings, although all well-pleaded factual allegations are taken as true, unsupported legal conclusions are not accorded such deference. 5 C. Wright & A. Mil-

---

1988). The Federal Circuit transferred the case to this court on February 21, 1986.

**2.** A federal employee is entitled to MSPB review of adverse actions, which are defined to include removals, suspensions for more than 14 days, reductions in grade or pay, and furloughs of 30 days or less. *See* 5 U.S.C. §§ 7513(d) and 7512.

ler, *Federal Practice and Procedure* § 1368 (1969); *cf. Chongris v. Board of Appeals,* 811 F.2d 36, 37 (1st Cir.), *cert. denied,* —— U.S. ——, 107 S.Ct. 3266, 97 L.Ed.2d 765 (1987) (in considering motion to dismiss, court not required to give weight to bald assertions and unsupported conclusions). Thus, the Court finds plaintiff has not raised genuine issues of material fact regarding these issues.

In sum, because the merits of the denial of plaintiff's security clearance are not reviewable in this court, and because there is no genuine issue as to any material fact regarding the Board's compliance with the procedural provisions of the APA, the Court finds and rules that plaintiff has failed to state a claim upon which relief can be granted. Accordingly, defendant's motion for judgment on the pleadings (document no. 21) is herewith granted, and the Clerk of this Court shall enter judgment in behalf of defendant.

SO ORDERED.