Barry Dean LOVELACE, Plaintiff,

v.

Michael P.W. STONE, Secretary, United States Department of the Army, Defendant.

Civ. A. No. 92–66.

United States District Court, E.D. Kentucky, Lexington.

Aug. 20, 1992.

Ed Dove, Lexington, KY, for plaintiff.

Dell W. Littrell, Asst. U.S. Atty., Lexington, KY and Captain Michael Davidson, Office of Judge Advocate Gen., Dept. of the Army, Arlington, VA, for defendant.

MEMORANDUM OPINION AND ORDER

WILHOIT, District Judge.

Plaintiff, who is hearing impaired, was employed as a civilian laborer at the Lexington

Bluegrass Army Depot. In November 1985, plaintiff applied for a security clearance. As part of his evaluation, plaintiff underwent psychological testing, which was administered by two employees of the defendant. Plaintiff contends that these tests were not designed for a person with hearing impairment and were therefore discriminatory. Specifically, plaintiff contends that he was unable to fully understand the questions that were being asked because the examiners did not know sign language, and plaintiff was not permitted to bring an interpreter.

On June 17, 1987, plaintiff was denied security clearance. Plaintiff appealed this denial through the appropriate administrative channels, but to no avail. Final notice of the denial of his appeal was received by plaintiff on December 28, 1991.

On February 4, 1992, plaintiff filed this suit claiming that when evaluating his application for security clearance, defendant took into account the results of the alleged discriminatory tests, and ultimately denied that application based solely on his disability. These actions, says plaintiff, violated 29 U.S.C. §§ 791, 794 (the Rehabilitation Act), and unspecified Kentucky state laws.

The matter is currently before the Court on defendant's motion to dismiss. In support of this motion, defendant advances two arguments: (1) that § 791 of the Rehabilitation Act is the exclusive remedy for claims of handicap discrimination and thus all other claims must be dismissed; and (2) that the claims under § 791 must also be dismissed for lack of subject matter jurisdiction. It is unnecessary to delve into defendant's exclusivity argument since the Court is of the opinion that it lacks subject matter jurisdiction to hear any of plaintiff's claims.

To support his argument of lack of subject matter jurisdiction, defendant relies on *Department of Navy v. Egan*, 484 U.S. 518, 108 S.Ct. 818, 98 L.Ed.2d 918 (1988) in which a laborer (Egan), employed by the Navy, challenged the propriety of the denial of his security clearance. The Court recognized that "no one has a 'right' to a security clearance," but rather, "[t]he grant of clearance requires an affirmative act of discretion on the part of the granting official." *Id.* at 528,

108 S.Ct. at 824. This discretion, which is constitutionally derived, "falls on the President as head of the Executive Branch and as Commander in Chief." *Id.* at 527, 108 S.Ct. at 824. In deciding that the judiciary could not review an Executive Branch decision to deny security clearance to Egan, the Court held that the agency head who makes the judgment as to which of his employees receive security clearance should receive the "utmost deference." *Id.* at 530, 108 S.Ct. at 825.

Plaintiff responds that he does not dispute the power of the Department of the Army to deny his security clearance, but rather, asserts that this denial occurred because the testing procedures used to evaluate him were discriminatory. At least one court has held that the failure to make reasonable accommodations to the special needs of the handicapped during employment testing constitutes a violation of the Rehabilitation Act. *Stutts v. Freeman*, 694 F.2d 666, 669 (11th Cir.1983).

Plaintiff's argument that he is not challenging the decision to deny security clearance, but rather the testing procedures used to reach the conclusion to deny, is not persuasive. Regardless of how plaintiff chooses to characterize his claims, he is essentially asking this Court to determine precisely the reasons why his security clearance was denied, and to pass judgment on the propriety of those reasons. The *Egan* Court clearly sought to prohibit such an inquiry when it ruled that "an agency head who must bear the responsibility for the protection of classified information committed to his custody should have the *final say* in deciding whether to repose his trust in an employee who has access to such information." *Egan* at 529, 108 S.Ct. at 825 (emphasis added).

Other courts have recognized that if a plaintiff were allowed to circumvent the mandates of *Egan* by simply claiming discrimination, then *Egan* would be bereft of substance. In *Peterson v. Department of Navy*, 687 F.Supp. 713 (D.N.H.1988), plaintiff (Peterson), who was a civilian laborer at a shipyard, was denied security clearance. Peterson claimed that this denial was based on his

560

handicapped condition of drug and alcohol abuse and thus was unlawfully discriminatory. The District Court of New Hampshire dismissed Peterson's claims and reasoned that if the "constraints imposed by *Egan* could be bypassed simply by alleging illegal discrimination, *Egan* would be vitiated." *Id.* at 715. The Court finds this rationale persuasive, and thus, under the mandates of *Egan*, this case will be dismissed for lack of subject matter jurisdiction. *Dorfmont v. Brown,* 913 F.2d 1399, 1404 (9th Cir.1990) (a District Court does not have jurisdiction to hear attacks on the merits of security clearance decisions).[1]

Accordingly,

IT IS THEREFORE ORDERED AND ADJUDGED:

(1) That defendant's motion to dismiss is GRANTED;

(2) That this matter is DISMISSED WITH PREJUDICE and shall be STRICKEN from the docket;

(3) That this is a final and appealable order.

See also, 814 F.Supp. 581.

---

1. In his response, plaintiff also makes passing reference to the fact that if an employee is denied security clearance, in some instances, the administrative agency which employs him is required to transfer him to a nonsensitive position. Failure to do so is reviewable by a District Court. *Peterson,* at 715.

While this is an appropriate area of review under *Egan*, plaintiff's complaint makes no claim that the Department of the Army failed to transfer him to an available, nonsensitive position. The mere fact that this is a reviewable issue does not save from dismissal a complaint that fails to raise that issue.