In the
United States Court of Appeals
For the Seventh Circuit

No. 00-3276

Lynda J. Williams,

Plaintiff-Appellant,

v.

United Insurance Company of America
and Unitrin, Inc.,

Defendants-Appellees.

Appeal from the United States District Court
for the Eastern District of Wisconsin.
No. 99 C 482--Lynn Adelman, Judge.

Submitted April 24, 2001--Decided June 7, 2001

Before Posner, Evans, and Williams, Circuit
Judges.

Posner, Circuit Judge.  The plaintiff was
employed by the defendant to sell
insurance door to door, a job that
required much walking and stair climbing.
A series of injuries to her left ankle
and right knee culminated in a severely
sprained ankle when she fell down a
flight of stairs. Her doctor advised the
company that she could no longer work in
a job that required walking; the company
eventually terminated her employment. She
sued under the Americans with
Disabilities Act, claiming that the
company should have promoted her to sales
manager, a job she could do without
walking. The company responded both that
it had no legal duty to accommodate her
disability by a promotion and that in any
event she was not qualified for the job
of sales manager--to which she replied
that in that event the company should
train her for the position. The district
court granted summary judgment for the
employer.

If an otherwise disabled person can
perform to the employer's satisfaction
with a reasonable accommodation to her
disability, the employer is required to
provide the accommodation. 42 U.S.C. sec.
12111(b)(5)(A); EEOC v. Humiston-Keeling,

Inc., 227 F.3d 1024, 1026 (7th Cir. 2000); Gile v. United Airlines, Inc., 213 F.3d 365, 372 (7th Cir. 2000); Smith v. Midland Brake, Inc., 180 F.3d 1154, 1161 (10th Cir. 1999) (en banc). And one form of accommodation that may be required under this standard is reassignment to another job, sec. 12111(9)(B); Dalton v. Subaru-Isuzu Automotive, Inc., 141 F.3d 667, 677-78 (7th Cir. 1998); Gile v. United Airlines, Inc., 95 F.3d 492, 498 (7th Cir. 1996); Cravens v. Blue Cross & Blue Shield of Kansas City, 214 F.3d 1011, 1018 (8th Cir. 2000); Smith v. Midland Brake, Inc., supra, 180 F.3d at 1161; Aka v. Washington Hospital Center, 156 F.3d 1284, 1304-05 (D.C. Cir. 1998) (en banc), for example a job closer to the employee's home if she has difficulty getting to work. E.g., Corder v. Lucent Technologies Inc., 162 F.3d 924 (7th Cir. 1998). But the employer is not required to give the disabled employee preferential treatment, as by giving her a job for which another employee is better qualified, EEOC v. Humiston-Keeling, Inc., supra, 227 F.3d at 1027-28; Malabarba v. Chicago Tribune Co., 149 F.3d 690, 700 (7th Cir. 1998); Matthews v. Commonwealth Edison Co., 128 F.3d 1194, 1196 (7th Cir. 1997); see also Bruff v. North Mississippi Health Services, Inc., 244 F.3d 495, 502 (5th Cir. 2001) (accommodation of religious beliefs), or by waiving his normal requirements for the job in question. Dalton v. Subaru-Isuzu Automotive, Inc., supra, 141 F.3d at 678-79; DePaoli v. Abbott Laboratories, 140 F.3d 668, 675 (7th Cir. 1998); EEOC v. Sara Lee Corp., 237 F.3d 349, 354-55 (4th Cir. 2001); Smith v. Midland Brake, Inc., supra, 180 F.3d at 1176-78; Burns v. Coca-Cola Enterprises, Inc., 222 F.3d 247, 257 (6th Cir. 2000). That is what the plaintiff is seeking. She wants a job, that of sales manager, for which she is not qualified.

But here is the novelty in the case. The plaintiff wants training that will equip her with the qualifications for the job of sales manager that at present she lacks. If all she wanted was an opportunity to compete for the job by enrolling in a training program offered to aspirants for sales manager positions, the employer could not refuse her on the ground that she was disabled unless her disability prevented her from participating in the program or serving

in the job for which it is designed to qualify participants. But our plaintiff is seeking special training, not offered to nondisabled employees, to enable her to qualify. The Americans with Disabilities Act does not require employers to offer special training to disabled employees. It is not an affirmative action statute in the sense of requiring an employer to give preferential treatment to a disabled employee merely on account of the employee's disability, EEOC v. Humiston-Keeling, Inc., supra, 227 F.3d at 1028-29; Malabarba v. Chicago Tribune Co., supra, 149 F.3d at 700; Matthews v. Commonwealth Edison Co., supra, 128 F.3d at 1196; EEOC v. Sara Lee Corp., supra, 237 F.3d at 355; Daugherty v. City of El Paso, 56 F.3d 695, 700 (5th Cir. 1995), though it does of course create an entitlement that disabled employees and applicants for employment would not otherwise have to consideration of ways of enabling them to work despite their disability. The burden that would be placed on employers if disabled persons could demand special training to fit them for new jobs would be excessive and is not envisaged or required by the Act. The duty of reasonable accommodation may require the employer to reconfigure the workplace to enable a disabled worker to cope with her disability, but it does not require the employer to reconfigure the disabled worker. A blind person cannot insist that her employer teach her Braille, though she may be able to insist that her employer provide certain signage in Braille to enable her to navigate the workplace.

Stutts v. Freeman, 694 F.2d 666 (11th Cir. 1983), held that an employer who refused to allow a dyslexic employee to enter an apprenticeship program because he failed a written test that admittedly did not accurately measure the relevant capabilities of a handicapped person had not done enough to accommodate the employee's disability. But it did not suggest that the employer was obligated to train the employee for a different job, one that would not require an apprenticeship. The difference is no doubt one of degree only, but differences in degree are important in law. The position for which the plaintiff contends would convert the ADA into the Individuals with Disabilities Education

Act, which requires public schools to provide disabled children with an education designed so far as possible to overcome their disabilities. 20 U.S.C. sec. 1400(d)(1)(A); Dale M. v. Board of Education, 237 F.3d 813 (7th Cir. 2001); Morton Community Unit School Dist. No. 709 v. J.M., 152 F.3d 583 (7th Cir. 1998); Padilla v. School Dist. No. 1, 233 F.3d 1268, 1270 (10th Cir. 2000). The grant of summary judgment for the company was therefore correct.

Affirmed.