[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-15401
Non-Argument Calendar
_____

D.C. Docket No. 4:15-cv-00454-RH-CAS


MICHAEL BANIM,

Plaintiff-Appellant,

versus

STATE OF FLORIDA DEPARTMENT OF BUSINESS AND PROFESSIONAL
REGULATION,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(May 17, 2017)

Before TJOFLAT, MARTIN and ANDERSON, Circuit Judges.

PER CURIAM:

Michael Banim appeals from the district court's grant of summary judgment in favor of his former employer, the State of Florida Department of Business and Professional Regulation ("Department"), in his employment discrimination and retaliation suit under the Rehabilitation Act, 29 U.S.C. § 794, and the Florida Civil Rights Act, Fla. Stat. § 760.10.  Banim argues that because the Department rendered its accommodation for his physical impairment unreasonable by requiring burdensome daily activity reports ("DARs"), the district court erred when it found the Department sufficiently accommodated his disability.  Next, Banim argues the district court erred when it found that the DAR requirement was not a pretext for discrimination.  Finally, Banim argues the district court erred because it failed to consider the evidence of pretext when it granted summary judgment on his retaliation claim.[1]

Banim failed to show the Department refused to accommodate his disability, or the Department discriminated against him by requiring him to complete DARs. Finally, Banim failed to show the Department terminated him in retaliation for filing a discrimination charge rather than the legitimate business reason of

---

[1] Before the district court, Banim also alleged age discrimination.  However, he consented to dismissal of that claim and it is not at issue on appeal.

2

insubordination.  Therefore, we affirm[2] the district court's grant of summary

judgment on all claims.

## I.

Banin failed to show the Department refused to accommodate his disability.

Discrimination claims brought under the Rehabilitation Act are governed by the

same standards as those brought under the Americans with Disabilities Act

("ADA"), and cases decided under one act are precedent for cases decided under

the other.  29 U.S.C. § 794(d); *see Cash v. Smith*, 231 F.3d 1301, 1305 & n.2 (11th

Cir. 2000).  Similarly, discrimination claims under the FCRA are interpreted

pursuant to federal ADA case law.  Fla. Stat. § 760.10(1)(a); *see Ross v. Jim

Adams Ford, Inc.*, 871 So. 2d 312, 314 (Fla. Dist. Ct. App. 2004).

An employer can unlawfully discriminate against a disabled employee if it

does not reasonably accommodate the disability; however, an employer need not

accommodate a disability if it imposes undue hardship on the employer.  *Stewart v.

Happy Herman's Cheshire Bridge, Inc.*, 117 F.3d 1278, 1285 (11th Cir. 1997).  A

qualified employee is "not entitled to the accommodation of [his] choice, but only

to a reasonable accommodation."  *Id.* at 1285–86.  An accommodation is

---

[2] We review a district court's grant of summary judgment *de novo*.  *Weeks v. Harden Mfg. Corp.*, 291 F.3d 1307, 1311 (11th Cir. 2002).  Summary judgment is appropriate when the evidence, viewed in the light most favorable to the nonmoving party, presents no genuine issue of material fact and compels judgment as a matter of law.  Fed.R.Civ.P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).

"reasonable" if it allows the employee to perform the essential functions of the job. *Lucas v. W.W. Gainger, Inc.*, 257 F.3d 1249, 1259–60 (11th Cir. 2001).

Here, the evidence showed that the Department reasonably accommodated Banim's disability by allowing him to work from home.  Additionally, the Department reasonably enforced the same DAR requirement for Banim that it enforced for other employees under similar circumstances.  No evidence exists that Banim could not comply with the requirement, as he never attempted to comply. Therefore, the district court did not err when it granted summary judgment on his reasonable accommodation claim.

## II.

The district court did not err by finding Banim failed to show the DAR requirement was pretext for discrimination.  We analyze Rehabilitation Act discrimination claims under the *McDonnell Douglas* burden-shifting analysis applied to Title VII employment discrimination claims.[3]  *See Stutts v. Freeman*, 694 F.2d 666, 669 (11th Cir. 1983).

When analyzing pretext, the factfinder must determine whether the employer's proffered reasons were "a coverup for a . . . discriminatory decision."

---

[3] Under that framework, if a plaintiff-employee first establishes a *prima facie* case of discrimination, and the defendant articulates a legitimate reason for its employment action, the plaintiff must then offer evidence that the reason is pretextual. *See Wilson v. B/E Aerospace, Inc.*, 376 F.3d 1079, 1087 (11th Cir. 2004).  If the plaintiff fails to show pretext, we will affirm the grant of summary judgment on that ground.  *EEOC v. Total Sys. Servs.*, 221 F.3d 1171, 1177 (11th Cir. 2000).

*Rojas v. Florida*, 285 F.3d 1339, 1342 (11th Cir. 2002). Considering all the evidence, the court must ascertain whether the plaintiff sufficiently cast doubt on the defendant's proffered non-discriminatory reasons to allow a reasonable factfinder to find the defendant's proffered "legitimate reasons were not what actually motivated its conduct." *Silvera v Orange Cnty. Sch. Bd.*, 244 F.3d 1253, 1258 (11th Cir. 2001). In doing so, the court must evaluate whether the plaintiff demonstrated "such weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the employer's proffered legitimate reasons for its action that a reasonable factfinder could find them unworthy of credence." *Combs v. Plantation Patterns, Meadowcraft, Inc.*, 106 F.3d 1519, 1538 (11th Cir. 1997) (quotation omitted).

Here, Banim failed to show enforcing the DAR requirement was pretext for discrimination. Assuming, as the district court did, that Banim made a *prima facie* showing of his different treatment than other employees, his discrimination claim failed. The Department articulated legitimate reasons for its actions, and Banim failed to show that the legitimate reasons were pretext for disability discriminations. Agency-wide restructuring and cost-saving plans justified asking Banim to relocate. The evidence showed the Department established the telecommuting policies and DAR requirement before Banim sought an accommodation. Differences between the DAR required of Banim and the DAR

5

required for other inspectors were minimal and simply based on differences in job duties. The Department put forth legitimate, nondiscriminatory reasons for requiring Banim to comply with those policies, and Banim presented no evidence undermining the Department's explanations. Therefore, the district court did not err by granting summary judgment on the disparate treatment claim.

## III.

The Department had a legitimate, non-retaliatory reason for terminating Banim. The ADA provides that "[n]o person shall discriminate against any individual because such individual has opposed any act or practice made unlawful by [the ADA] or because such individual made a charge . . . under the [ADA]." 42 U.S.C. § 12203(a). The Rehabilitation Act provides the same protection. *See* 29 U.S.C. § 794(d).

To establish a *prima facie* case of retaliation, the plaintiff may show that (1) he engaged in a statutorily protected expression, (2) he suffered an adverse action, and (3) there was a causal link between the adverse action and his protected expression. *Lucas*, 257 F.3d at 1260–61. "Once a *prima facie* case is established, the burden then shifts to the defendant employer to come forward with legitimate non-discriminatory reasons for its actions that negate the inference of retaliation. The plaintiff must then demonstrate that it will be able to establish at trial that the employer's proffered non-discriminatory reasons are a pretextual ruse designed to

6

mask retaliation." *Stewart*, 117 F.3d at 1287 (citation omitted).  To show pretext, the evidence must allow a reasonable factfinder to determine that the defendant's proffered "legitimate reasons were not what actually motivated its conduct." *Silvera v. Orange Cnty. Sch. Bd.*, 244 F.3d 1253, 1258 (11th Cir. 2001) (quotation omitted).  We use implicit findings of a district court when such findings are supported by the record and the district court's explicit findings.  *See Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985).

Here, while the district court did not explicitly find that Banim failed to establish pretext, it implicitly did so by finding that the record showed that the Department terminated Banim for insubordination–a legitimate, non-discriminatory, non-retaliatory reason.  *See Goforth*, 776 F.2d at 1535.  The evidence showed that the Department informed Banim he could be terminated for failure to complete the DARs.  Banim admitted in his deposition that he never submitted a DAR as directed.  The Department formally warned him that he could be terminated if he did not correct his behavior.  None of the evidence Banim put forth to show pretext would have allowed a reasonable factfinder to conclude that he was terminated for any reason other than insubordination and failure to comply with orders.  Therefore, the district court did not err by granting summary judgment to the Department on the retaliation claim.

**AFFIRMED.**