```
┌─────────────────────────────────────────────┐
│           NONPRECEDENTIAL DISPOSITION          │
│ To be cited only in accordance with Fed. R. App. P. 32.1 │
└─────────────────────────────────────────────┘
```

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued November 8, 2017
Decided March 23, 2018

**Before**

DIANE P. WOOD, *Chief Judge*

JOEL M. FLAUM, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 17-1294

| | |
|---|---|
| JOHN MARTINEZ,<br>    *Plaintiff-Appellant*,<br><br>    *v.*<br><br>AMERICAN AIRLINES, INC.,<br>    *Defendant-Appellee*. | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division.<br><br>No. 15-CV-7144<br><br>**Matthew F. Kennelly**,<br>*Judge*. |

**O R D E R**

John Martinez, a former aircraft mechanic for American Airlines, suffered serious injuries in a work accident that left him hospitalized for weeks, bedridden for more than a year, and in need of more than a dozen surgeries. After his accident, Martinez took a medical leave of absence. American terminated Martinez's employment after he had been on medical leave for five years. Martinez sued American for violations of the Americans with Disabilities Act based on discrimination, failure to accommodate, and retaliation. The district court granted American's motion for summary judgment. *Martinez v. American Airlines*, No. 15 C 7144, 2017 WL 201363 (N.D. Ill., Jan. 18, 2017). On appeal, Martinez argues that the district court erred by granting summary judgment for

American on his failure to accommodate claim and by rejecting his claim that American failed to engage in the interactive process. We affirm.

To prove a failure to accommodate claim, Martinez had to show that: (1) he was a qualified individual with a disability, (2) American was aware of his disability, and (3) American failed to reasonably accommodate his disability. See *Curtis v. Costco Wholesale Corp.*, 807 F.3d 215, 224 (7th Cir. 2015), citing *James v. Hyatt Regency Chicago*, 707 F.3d 775, 782 (7th Cir. 2013). The ADA can require an employer to reassign an employee with a disability to a different position, but only to a vacant position for which the employee is qualified. See 42 U.S.C. § 12111(9) (defining "reasonable accommodation" to include "reassignment to a vacant position"); *Brown v. Milwaukee Board of School Directors*, 855 F.3d 818, 820 (7th Cir. 2017), citing *Emerson v. Northern States Power Co.*, 256 F.3d 506, 515 (7th Cir. 2001) (stating vacant position requirement), and citing *Jackson v. City of Chicago*, 414 F.3d 806, 813 (7th Cir. 2005) (stating qualification requirement).

The district court properly granted summary judgment for American because Martinez failed to show there existed a vacant position for which he was qualified. See *Stern v. St. Anthony's Health Ctr.*, 788 F.3d 276, 291 (7th Cir. 2015) (affirming summary judgment for employer where plaintiff failed to show vacant position existed for which he was qualified).

Martinez argues that he should have been hired for a staff support position, but he points to no evidence that such a position was vacant. Martinez cites the deposition testimony of Evita Rodriguez, American's Managing Director of Aircraft Maintenance. Rodriguez testified that Martinez could have performed a staff support job "with the restrictions he had in place at that time." Dkt. 38-4 at 49–50. Rodriguez's testimony does not establish, however, that the staff support position was actually vacant. Instead, Rodriguez testified generally to positions within her organization.

Even if Rodriguez's testimony could be read as indicating there was a vacant staff support position at the relevant time, Rodriguez's testimony did not establish that Martinez met all of the requirements for that position. In fact, the evidence shows that Martinez was not qualified for such a position. The position would have required working knowledge of software programs that Martinez had never used. App. 33, ¶29; Dkt. 34-1 at 116.

The ADA did not require American to train Martinez for the staff support position. While some new training may always be required to bring new employees up to speed in a new position, the ADA "does not require employers to offer special

training to disabled employees." *Williams v. United Ins. Co. of America*, 253 F.3d 280, 282 (7th Cir. 2001) (affirming summary judgment for employer because employer was not required to accommodate by training employee for position for which she was not qualified); see also *Johnson v. Board of Trustees of Boundary County School Dist. No. 101*, 666 F.3d 561, 566 n.6 (9th Cir. 2011), citing EEOC Enforcement Guidance: Reasonable Accommodation and Undue Hardship under the Americans with Disabilities Act, No. 915.002 (Oct. 17, 2002) (distinguishing between "assist[ing] the individual to become qualified" (not required) and "training that is normally provided to anyone hired for or transferred to the position" (required)).

Martinez's claims also fail to the extent they are based on a failure to reassign him to either a reservationist position or a concierge position. American did not fail to accommodate Martinez. Sara Baldonado, a human resources manager, and Martinez both testified that Baldonado "offered" both jobs to Martinez. Dkt. 34-1 at 74 ¶6; Dkt. 34-1 at 122.

First, a failure of the interactive process does not, without more, establish a violation of the ADA. *Bunn v. Khoury Enterprises, Inc.*, 753 F.3d 676, 683 (7th Cir. 2014) (affirming summary judgment for employer because employer provided reasonable accommodation). Instead, a failure of the interactive process becomes actionable if "a reasonable accommodation was available but the employer prevented its identification by failing to engage in the interactive process." *Brown*, 855 F.3d at 821, citing *Stern*, 788 F.3d at 292. Baldonado's offer of both positions defeats Martinez's claim.

Martinez also argues that the interactive process broke down because Baldonado ignored his request for written job descriptions, was confrontational, and would not return his phone calls. These arguments, if true, are troubling, but the undisputed facts show that both positions were offered to Martinez. Despite having the opportunity to take discovery, Martinez points to no other available positions American should have offered. Instead, the undisputed facts show that the reservationist and concierge positions Baldonado identified were the only two jobs that did not require a promotion, that Martinez was not qualified for the staff support position, and that attempts by both Martinez and Baldonado to find other vacancies were not fruitful. See App. 29–33; Dkt. 34–1 at 125–27, 154–55.

It is curious, to say the least, that American could locate only two sedentary positions (one of which was in Arizona—far from Martinez's home in Illinois) as an accommodation for an aircraft mechanic with 30 years of experience. But on this record,

American did not violate the ADA by locating *only* those positions and offering them to Martinez.

The judgment of the district court is AFFIRMED.